Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW DRUDGE, individually and doing business as "THE DRUDGE REPORT" and "DRUDGEREPORT.COM"; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR**: <br><br> 1. COPYRIGHT INFRINGEMENT <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> JURY TRIAL DEMANDED |

1
COMPLAINT

1  Plaintiff, Elliot McGucken ("McGucken") by and through his undersigned
2  attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

4  1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., §
5  101 *et seq*.

6  2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and
7  1338 (a) and (b).

8  3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and
9  1400(a) in that this is the judicial district in which a substantial part of the acts and
10 omissions giving rise to the claims occurred.

### PARTIES

12 4.  McGucken is an individual residing in Los Angeles County.

13 5.  Plaintiff is informed and believes and thereon alleges that Defendant,
14 MATTHEW DRUDGE is an individual residing in Miami, Florida and doing
15 business as "THE DRUDGE REPORT" (collectively "DRUDGE") through
16 ownership and operation of the website "drudgereport.com", and is doing business in
17 and with the State of California.

18 6.  Defendants DOES 1 through 10, inclusive, are other parties not yet
19 identified who have infringed Plaintiff's copyrights, have contributed to the
20 infringement of Plaintiff's copyrights, or have engaged in one or more of the
21 wrongful practices alleged herein. The true names, whether corporate, individual or
22 otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,
23 who therefore sues said Defendants by such fictitious names, and will seek leave to
24 amend this Complaint to show their true names and capacities when same have been
25 ascertained.

26 7.  Plaintiff is informed and believes and thereon alleges that at all times
27 relevant hereto each of the Defendants was the agent, affiliate, officer, director,

1  manager, principal, alter-ego, and/or employee of the remaining Defendants and was
2  at all times acting within the scope of such agency, affiliation, alter-ego relationship
3  and/or employment; and actively participated in or subsequently ratified and adopted,
4  or both, each and all of the acts or conduct alleged, with full knowledge of all the
5  facts and circumstances, including, but not limited to, full knowledge of each and
6  every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
7  thereby.

## CLAIMS RELATED TO MCGUCKEN'S PHOTOGRAPH

8. McGucken created and owns an original photograph depicting the Ventura fires in Malibu, California ("Subject Photograph") that was published lawfully before the infringement at issue.

9. Plaintiff has registered the Subject Photograph and has complied with all necessary formalities.

10. The Subject Photograph was registered with the United States Copyright Office under registration number VA0002089198.

11. Plaintiff's investigation revealed that DRUDGE published and hosted posts on its website(s) and networks that incorporated unauthorized copies of the Subject Photograph (the "Subject Posts") and hosted unauthorized copies of the Subject Photograph on its servers.

12. True and correct representations of the Subject Photograph and the corresponding unauthorized use of said photograph from the Subject Post and/or the URL for the Subject Post, are attached hereto as **Exhibit A**. These examples reflect use(s) and address(es) at which DRUDGE published and displayed the Subject Photograph without authorization.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Photograph without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on Plaintiff's website, (b) viewing Subject Photograph online, and (c) viewing Subject Photograph through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph and exploited said photography online.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and by publishing and displaying the infringing material to the public, including without limitation, through its websites or elsewhere.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photograph without Plaintiff's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants'

1  profits directly and indirectly attributable to Defendants' infringement of Plaintiff's
2  rights in the Subject Photographs in an amount to be established at trial.
3       21.    Plaintiff is informed and believes and thereon alleges that Defendants,
4  and each of them, have committed acts of copyright infringement, as alleged above,
5  which were willful, intentional and malicious, which further subjects Defendants, and
6  each of them, to liability for statutory damages under Section 504(c)(2) of the
7  Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)
8  per infringement and/or a preclusion from asserting certain equitable and other
9  defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

13      22.    Plaintiff repeats, re-alleges, and incorporates herein by reference as
14 though fully set forth, the allegations contained in the preceding paragraphs of this
15 Complaint.
16      23.    Plaintiff is informed and believes and thereon alleges that Defendants
17 knowingly induced, participated in, aided and abetted in and profited from the illegal
18 reproduction and distribution of the Subject Photograph as alleged hereinabove. Such
19 conduct included, without limitation, publishing a photograph obtained from third
20 parties that DRUDGE knew, or should have known, was not authorized to be
21 published by DRUDGE.
22      24.    Plaintiff is informed and believes and thereon alleges that Defendants,
23 and each of them, are vicariously liable for the infringement alleged herein because
24 they had the right and ability to supervise the infringing conduct and because they
25 had a direct financial interest in the infringing conduct. Specifically, Defendants, and
26 each of them, received revenue in connection with the post that incorporated the

unauthorized copy of the Subject Photograph, and were able to supervise the publication of said post.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove

        any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

  b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C., and other applicable law.

  c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

  d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

  e. That Plaintiff be awarded their costs and fees under the above statutes;

  f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

  g. That Plaintiff be awarded pre-judgment interest as allowed by law;

  h. That Plaintiff be awarded the costs of this action; and

  i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

      Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 21, 2021         By: */s/ Scott Alan Burroughs*
                                      Scott Alan Burroughs, Esq.
                                      Trevor W. Barrett, Esq.
                                      Justin M. Gomes, Esq.
                                      DONIGER / BURROUGHS
                                      Attorneys for Plaintiffs

# EXHIBIT A

| SUBJECT PHOTOGRAPH | OFFENDING USE |
|---|---|